UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY BUCHA,
o.b.o H.M., a Minor,
        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
        Defendant.

Case No.  1:15-cv-1174

HON. PAUL L. MALONEY

## AMENDED OPINION

This is a social security action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security that Plaintiff's great grandchild, H.M., is not entitled to Supplemental Security Income under Title XVI of the Social Security Act.[1] Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that H.M. is not disabled within the meaning of the Act.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

---

[1] Plaintiff is H.M.'s legal guardian. (PageID.66.)

standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The Commissioner is charged with finding the facts relevant to an application for benefits, and her findings are conclusive if they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence could have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff's great-grandchild, H.M., was born on February 8, 2001, and was thirteen-years-old on the date of the ALJ's decision. (PageID.55, 102.) On April 4, 2012, Plaintiff submitted an application for disability benefits, asserting that H.M. had been disabled since February 8, 2011, due to bipolar disorder, mood disorder, and mild obesity. (PageID.102, 178–183.) This application was denied on July 3, 2012, after which time Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (PageID.113–116, 119–121.) On February 12, 2014, ALJ Romona Scales conducted an administrative hearing at which both Plaintiff and H.M., represented by counsel, testified. (PageID.61–100.) In a written decision dated April 25, 2014, the ALJ determined that H.M. was not entitled to disability benefits. (PageID.41–56.) On September 13, 2015, the Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.35–38.) Plaintiff subsequently initiated this appeal under 42 U.S.C. § 405(g).

## ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(I). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim under a three-step sequential process. 20 C.F.R. § 416.924.

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity she cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Comm'r of Soc.*

*Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

The ALJ made the following findings:

1. The claimant was born on February 8, 2001. Therefore, she was a school-age child on April 4, 2012, the date applicaiton was filed, and is currently a school-age child (20 CFR 416.926(a)(2)).
2. The claimant has not engaged in substantial gainful activity since April 4, 2012, the application date (20 CFR 416.924(b) and 416.971 *et seq.*).
3. The claimant has the following severe ipmairments: bipolar disorderm NOS; mood disorder, NOS; psychotic disorder, NOS; and obesity (20 CFR 416.924(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of hte listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

(PageID.47–48.)

Next, the ALJ was required to determine whether H.M. suffered from an impairment that was the functional equivalent of a listed impairment. In doing so, the ALJ was required to evaluate how H.M. functioned in each of six domains of functioning described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(a)–(b). To be considered disabled, the child's impairments must result in "marked"

limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are:

  (i)   acquiring and using information,
  (ii)  attending and completing tasks,
  (iii) interacting and relating with others,
  (iv)  moving about and manipulating objects,
  (v)   caring for yourself, and
  (vi)  health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

The ALJ found that H.M. experienced no limitations in acquiring and using information, moving about and manipulating objects, and caring for herself. She had less than marked limitation in attending and completing tasks, interacting and relating with others, and health and well being. (PageID.48–56.) Accordingly, the ALJ determined that H.M. was not disabled as defined by the Social Security Act. (PageID.56.)

## DISCUSSION

The only issue is whether substantial evidence supports the ALJ's assessment of H.M.'s functioning in five of the six domains.[2] The Court is unable to conclude such here.

As noted above, the ALJ was required to evaluate H.M. under six functional domains. Regulations from the Social Security Administration provide descriptions of each domain. These "general descriptions of each domain . . . help [the Commissioner] decide whether you have limitations in any given domain and whether these limitations are 'marked' or 'extreme.'" 20 C.F.R. § 416.926a(f)(2).

---

[2] Plaintiff does not challenge the ALJ's determination that H.M. had a less than marked limitation in the domain of health and physical well-being. (PageID.817–820.)

Several of these descriptions include separate discussions for children of different ages. These descriptions "include examples of some activities typical of children in each age group and some functional limitations that [the Commissioner] may consider. These examples also help [the Commissioner] decide whether you have limitations in a domain because of your impairment(s)." 20 C.F.R. § 416.926a(f)(3). The regulations provide the following age groups: (1) newborns and young infants (birth to attainment of age 1); (2) older infants and toddlers (age 1 to attainment of age 3); (3) Preschool children (age 3 to attainment of age 6); (4) school-age children (age 6 to attainment of age 12); and (5) adolescents (age 12 to attainment of age 18). *See, e.g.*, 20 C.F.R. 416.926a(g)(2). The reasons for differentiation are sound. *See Williams v. Apfel*, 179 F.3d 1066, 1071 (7th Cir. 1999) ("[I]t is clear that for the SSI program to run, children of different ages need to be assessed in different, and age-appropriate ways.").

As a general rule, when determining if a claimant is currently disabled, "the claimant's age as of the time of the [ALJ's] decision governs in applying the regulations." *Varley v. Sec. of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987) (analyzing whether a person was "of advanced age" as provided in the regulations).

While the ALJ correctly noted that H.M. was a school-age child on the date of the application, the ALJ incorrectly noted that H.M. was currently a school-age child on the date of the decision. (PageID.47.) In fact, H.M. was thirteen-years-old *both* at the hearing and on the date of the ALJ's decision, putting her squarely in the adolescent age group category. *See* 20 C.F.R. §§ 416.926a(g)(2)(v), (h)(2)(v), (i)(2)(v), (j)(2)(v), (k)(2)(v). Several records also relate to the time when H.M. had already reached at least twelve years of age.

The consequence of this error renders the ALJ's decision unsupported by substantial evidence, and the Court must remand this action for further consideration.[3] *See, e.g., Kline ex rel. J.H.-K. v. Colvin*, 2014 WL 69953, at *15 (N.D. Ill. Jan. 9, 2014) (remanding a minor's case because "the ALJ erred by citing the preschooler standard, despite Claimant being seven years old and a second grader at the time of the decision"); *Leal v. Comm'r of Soc. Sec.*, 2012 WL 864458, at *4 (N.D. Ohio Mar. 13, 2012) (remanding an action under sentence four because "[t]he ALJ incorrectly considered Plaintiff's age at the time the application was filed, rather than on the date of his decision").

Throughout her decision, the ALJ cites the regulations for school-age children, but then cites records from when H.M. was an adolescent to find her not to be disabled. For example, in the acquiring and using information domain, the ALJ cites school records from January 2013 and current records from 2014, when H.M. was twelve- and thirteen-years-old and during the period when the regulations defined H.M. as an adolescent.[4] However, the relevant age

---

[3] Plaintiff's counsel failed to raise this argument. While the failure to raise an argument often constitutes waiver, the Court will not overlook the ALJ's application of the wrong standard in this case as a matter of law. *See, e.g., Igonia v. Califano*, 568 F.2d 1383, 1387 (D.C. Cir. 1977) ("While a remand request is normally made by a party, there is no reason why a court may not order the remand sua sponte [under sentence four]. . . . All that the Act requires is 'good cause shown,' and we believe the patent conflict between the documents in question in this case is sufficient good cause for a remand."); *Bohms v. Gardner*, 381 F.2d 283, 286 (8th Cir. 1967) (collecting cases) ("The very language of § 205 provides the answer to the question of basic power, for remand is specifically authorized, either on motion of the Secretary before answer or 'at any time, on good cause shown.' And we cannot say that the district court's remand was without good cause . . . when it felt that an improper standard may have been applied by the hearing examiner."), *cert. denied*, 390 U.S. 964 (1968). With that said, Plaintiff's counsel entitlement to attorney fees at this time may be impacted for failing to raise that argument.

[4] This could have been of consequence to the ALJ's determination. For example, suppose a twelve-year-old claimant can only maintain concentration for thirty minutes at time. The regulations for eleven-year-olds classify the ability to maintain concentration for thirty minutes as a less-than-marked limitation; however, the regulations for twelve-year-olds classify the ability to maintain concentration for thirty minutes or less to be a marked limitation. The claimant, as evaluated in the wrong age category, would not have a sufficient limitation;

7

group descriptor describes typical adolescent activities in this domain:

> (v) Adolescents (age 12 to attainment of age 18). In middle and high school, you should continue to demonstrate what you have learned in academic assignments (e.g., composition, classroom discussion, and laboratory experiments). You should also be able to use what you have learned in daily living situations without assistance (e.g., going to the store, using the library, and using public transportation). You should be able to comprehend and express both simple and complex ideas, using increasingly complex language (vocabulary and grammar) in learning and daily living situations (e.g., to obtain and convey information and ideas). You should also learn to apply these skills in practical ways that will help you enter the workplace after you finish school (e.g., carrying out instructions, preparing a job application, or being interviewed by a potential employer).

20 C.F.R. 416.926a(g)(2)

At this time, H.M. was attending a truancy academy and later a home school program, where she stated she could proceed at her "own pace and discretion." (PageID.67, 386.) It does not appear that the ALJ compared these activities to those typical of an adolescent. Moreover, the ALJ noted that H.M. was not in special education (PageID.51), but Social Security rulings define "remedial or compensatory teaching methods for academic subjects, or placement in a self-contained classroom" as special education services. SSR 09–3p, 2009 WL 396025, at *3 (S.S.A. Feb. 17, 2009).[5] It does not appear that the ALJ considered the unique circumstances of H.M.'s education in this domain and furthermore did not consider these circumstances against the proper typical activities of an adolescent.

---

however, the claimant properly evaluated would have had a sufficient limitation in this hypothetical.

[5]Social Security Rulings (SSRs) "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 498 (6th Cir. 2006).

Similarly, elsewhere in her decision the ALJ relies on records and hearing testimony regarding the period when H.M. was an adolescent, but cites to those activities typical of a younger, school-age child. True, the ALJ also cited descriptions from the SSR that provide examples which do not apply to a particular age group, but the Court finds this does not cure the ALJ's error here. It remains patent the ALJ mistakenly believed H.M. was a school-age child through the date of the decision, and it is equally clear that in arriving at her decision the ALJ relied, at least in part, on comparing H.M.'s adolescent activities to those typical of a younger, school-age individual. This mistake leaves the Court unable to trace the path of the ALJ's reasoning. *See Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

Plaintiff asks for an award of benefits. (PageID.821.) While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes his entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also Brooks*, 531 F. App'x at 644.

This case is being remanded because the ALJ erroneously believed H.M. was at all relevant times a school-age child, not because there is compelling evidence that H.M. is disabled. On remand, the ALJ must evaluate H.M.'s abilities and the factual record in the each age category, including the "adolescent" category, as appropriate.

9

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Dated: September 23, 2016 /s/Paul L. Maloney
PAUL L. MALONEY
United States District Judge